**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-1368

ACARIA, INC., a Colorado corporation,

        Plaintiff,

v.

ACARIA HOME HEALTH, LLC, an Arizona limited liability company,
ACARIA PALLIATIVE CARE, LLC, an Arizona limited liability company, and
FOUNTAIN HILLS HOSPICE, LLC, an Arizona limited liability company.

        Defendants.

---

**COMPLAINT AND JURY DEMAND**

---

Plaintiff Acaria, Inc. ("Acaria"), for its Complaint against Defendants Acaria Home Health, LLC, Acaria Palliative Care, LLC and Fountain Hills Hospice, LLC (collectively "Defendants"), alleges as follows:

**NATURE OF ACTION**

1.    This is an action for trademark infringement and unfair competition. Plaintiff Acaria seeks injunctive and monetary relief for acts of infringement and unfair competition under the laws of the United States, Title 15, United States Code, and trademark infringement, unfair competition and misappropriation under the laws of the state of Colorado.

**PARTIES**

2.    Acaria is a Colorado corporation having its principle place of business at 963 S. Kipling Parkway, Lakewood, Colorado 80026, and has been doing business as "Acaria"

continuously from more than 14 years. Throughout that period, Acaria has provided and continues to provide healthcare services under the trademark "ACARIA" in the State of Colorado and elsewhere.

3. Upon information and belief, Acaria Home Health, LLC ("Acaria HH") is a limited liability company formed under the laws of the State of Arizona on October 2, 2017, and has a principle place of business at 1801 S. JenTilly Lane, Suite D-6, Tempe, AZ 85281.

4. Upon information and belief, Defendant Acaria Palliative Care, LLC ("Acaria PC") is a limited liability company formed under the laws of the State of Arizona on October 2, 2018. Acaria PC has a principal place of business at 1801 S. JenTilly Lane, Suite A-10B, Tempe, AZ 85281.

5. Upon information and belief, Fountain Hills Hospice, LLC ("FHH") is a limited liability company formed under the laws of the State of Arizona on January 28, 2017. Upon information and belief, FHH does business under the trade name ACARIA HOSPICE, first used on January 10, 2018, and has a principal place of business at 17007 East Colony Drive, No. 107, Fountain Hills, AZ 85268.

## JURISDICTION AND VENUE

6. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, 1338(a) and1367(a), and U.S.C. § 1221. The amount in controversy exceeds the sum value of $75,000.

7. The Court has personal jurisdiction over Defendants in this matter as the claims arise from Defendants' transactions of business in this judicial district, as Acaria's claims arise from Defendants' commission of tortious acts in this judicial district, and Acaria is being

damaged in this judicial district by Defendants' tortious conduct. Accordingly, Defendants have constitutionally sufficient contacts with Colorado to make personal jurisdiction proper in this judicial district.

8.  Venue is proper within this District under 28 U.S.C. §§ 1391(b) and (c).

## GENERAL ALLEGATIONS

A.  **Acaria's Adoption and Use of the ACARIA Mark**

9.  Acaria was founded and incorporated in March 2005. Acaria has been doing business in connection with healthcare services continuously since 2005.

10. Acaria provides healthcare services, and prides itself on its ability to deliver quality care that is both comprehensive to the healthcare industry, while at the same time patient-centered to address each individual patient's unique needs. Acaria's healthcare services include providing services to patients in the area of nursing, home health care, palliative care, speech therapy, physical therapy, medical social work, occupational therapy and certified nursing assistance ("CNA").

11. Acaria also provides healthcare services to patients across a wide range of health-related areas, including services intended to address cardiac disease, stroke, diabetes, orthopedic injury and pulmonary disease. Since 2005 and continuing today, Acaria's services have been provided exclusively under the ACARIA mark.

12. Acaria owns and operates the website [acariainc.com](acariainc.com).

13. ACARIA is a coined term, and has no generic or descriptive meaning among healthcare professionals. Upon information and belief, Acaria is the first to have ever used the mark ACARIA in connection with healthcare services in the United States.

14. Acaria owns state law rights and common law rights to the ACARIA mark, and has used the ACARIA mark continuously and without interruption since March 2005. Acaria's continuous and extensive use of the ACARIA mark since 2005 has resulted in strong common law rights in and to the name when used in connection with healthcare services. ACARIA, when used in connection with healthcare service, has generated significant, substantial and commercially important goodwill, all inuring to the exclusive benefit of Acaria.

15. To further protect the substantial goodwill surrounding its ACARIA trademark, Acaria filed for a Federal trademark registration with the United States Patent & Trademark Office on August 20, 2013. Acaria's Federal trademark was published for opposition on February 18, 2014. On May 6, 2014, Acaria received a registration for ACARIA HOMECARE, which is assigned U.S. Trademark Registration No. 4,524,982, and is owned by Acaria. The ACARIA HOMECARE registration has never been opposed or challenged. A true and accurate copy of the registration certificate for U.S. Trademark Registration No. 4,524,982 is attached as Exhibit 1. Acaria's common law, state and Federal trademark rights are referred to herein as the "ACARIA Trademark Rights."

16. The ACARIA Trademark Rights are used by Acaria and its authorized affiliates in a variety of marketing and advertising media, including on Acaria's letterhead, business cards, Internet web sites, e-mail correspondence, physical signs, banners and other promotional items.

B. **Defendants' Infringement of the ACARIA Trademark Rights**

17. In the spring of 2019, Acaria first learned that Defendants have been using, in conjunction with healthcare services, identical and/or confusingly similar business names and trade names to ACARIA and thereby infringing upon the ACARIA Trademark Rights.

18.     Upon information and belief, Acaria HH, either on its own or with Acaria PC and/or FHH, registered the domain [acariahc.com](acariahc.com) in November 2017. Upon information and belief, Defendants began using the [acariahc.com](acariahc.com) website in interstate commerce in 2017.

19.     Defendants advertise the same or confusingly similar healthcare services as Acaria on the [acariahc.com](acariahc.com) website, all in connection with the infringing names "Acaria" or an extension thereof. For instance, Defendants provide the identical or similar services as Acaria, including "Home Health," "Hospice" and "Palliative Care." Defendants promote themselves by stating "[w]e are a leading provider in Home Health, Hospice and Palliative care" on the main landing page of their [acariahc.com](acariahc.com) website. Defendants advertise their specialty to be "[a]ssisting with the needs of the patient who returns home from a stay in the hospital or skilled nursing facility" by providing patients with "RNs, LPNs, physical therapists, occupational therapists, speech/language pathologists, home health aides, social workers, personal care assistants, and other medical specialists." Defendants incorporate the name "Acaria" in multiple formats, including with its "Acaria Healthcare," "Acaria Home Hospice," "Acaria Hospice" and "Acaria Palliative Care" names, as well as "Acaria" by itself. True and accurate copies of pages printed from Defendants' websites are attached as Exhibit 2.

20.     Defendant Acaria PC has infringed upon the ACARIA Trademark Rights by using the identical name "Acaria" in providing the identical and/or similar healthcare services as Acaria. For example, and upon information and belief, consumers of healthcare and palliative care services are served by Acaria PC via the [acariahc.com](acariahc.com) website and/or other marketing collateral bearing the "Acaria" name.

21. Defendant FHH has also infringed upon the ACARIA Trademark Rights, in part by adopting and using the trade name ACARIA HOSPICE. Upon information and belief, FHH filed or caused to be filed a trade name registration for ACARIA HOSPICE on February 25, 2018, alleging first use of ACARIA HOSPICE on January 10, 2018. Upon information and belief, FHH uses the ACARIA HOSPICE trade name in connection with identical and/or similar healthcare services as Acaria.

22. Consumers of healthcare services are now becoming confused by the common use of ACARIA as a designation of source by both Acaria and Defendants. As the junior adopters of the name, Defendants' use of ACARIA in identical marks and trade names, or at least the dominant portion of those marks/trade names, constitutes actionable infringement of the ACARIA Trademark Rights, as well as unfair competition and misappropriation, and their unauthorized use should now be immediately enjoined.

## COUNT I
### (Infringement of Registered Trademark Under 15 U.S.C. § 1114(1))

23. Acaria hereby incorporates Paragraphs 1 – 22 of this Complaint as though fully set forth herein.

24. This is a claim for infringement of the federally registered ACARIA HOMECARE® Mark, as depicted in the attached Exhibit 1. Defendants' unlawful actions, as alleged herein, constitute a willful and knowing attempt to trade on the goodwill which Acaria owns and has developed in the ACARIA HOMECARE® Mark.

25. Defendants' unlawful actions are likely to cause confusion, or to cause mistake, or to deceive the purchasing public and others, leading them to mistakenly believe that Defendants'

goods and services are authorized by Acaria or that Acaria's goods and services are authorized by Defendants.

26.     Defendants' unlawful conduct is likely to cause confusion, or to cause mistake, or to deceive the purchasing public and others, leading them to mistakenly believe that Defendants' goods and services are those of Acaria, or vice versa, in violation of 15 U.S.C § 1114(1).

27.     Defendants' unlawful conduct has caused and, unless restrained and enjoined by this Court, will continue to cause irreparable harm to Acaria.

28.     Acaria has no adequate remedy at law.

## COUNT II
### (Unfair Competition Under 15 U.S.C. § 1125(a))

29.     Acaria hereby incorporates Paragraphs 1 – 28 of this Complaint as though fully set forth herein.

30.     Defendants' unauthorized use of ACARIA creates a likelihood of consumer confusion as to an affiliation, connection, or association between Acaria and/or as to the origin, sponsorship or approval of Acaria's services by Defendants, or vice versa.

31.     Given the identical nature of the infringing mark and the substantially overlapping nature of Acaria's and Defendants' healthcare services, Defendants' unauthorized use of ACARIA is likely to cause actual consumer confusion.

32.     Defendants' unauthorized use of ACARIA in connection with healthcare services, despite Acaria's exclusive rights in and to the ACARIA Mark, is a willful violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

33.     As a result of Defendants' unlawful actions, Acaria has suffered commercial harm.

34. Acaria has been and continues to be irreparably harmed by Defendants' actions. Acaria has no adequate remedy of law.

## COUNT III
### (Trademark Infringement Under Colorado Common Law)

35. Acaria hereby incorporates Paragraphs 1-34 of this Complaint as though fully set forth herein.

36. Defendants' unlawful actions as alleged herein have caused and are likely to cause confusion, or to cause mistake, or to deceive the public and others, whereby they would be led to mistakenly believe that Defendants and Acaria are affiliated, related, sponsored by, or connected with one another, in violation of the common law of the State of Colorado.

37. Defendants' unlawful actions are thereby likely to confuse and deceive members of the public, and consumers of healthcare services in particular, as to the source of the Acaria's healthcare services, as a direct result of Defendants' use of the infringing ACARIA mark in connection with Defendants' healthcare services.

38. Defendants' unlawful actions also constitute intentional, willful, and reckless disregard of Acaria's rights, and an attempt to trade on the goodwill which Acaria had developed with consumers of healthcare services, all to the damage of Acaria.

39. As a result of Defendants' conduct, Defendants have caused commercial harm to Acaria and, unless restrained and enjoined by this Court, Defendants will continue to cause irreparable harm to Acaria.

40. Acaria has no adequate remedy at law.

## COUNT IV
### (Unfair Competition Under Colorado Common Law)

41. Acaria hereby incorporates Paragraphs 1-40 of this Complaint as though fully set forth herein.

42. Defendants' unlawful actions as described above have caused and are likely to cause confusion with the established and superior rights of Acaria and otherwise unfairly compete with Acaria. As such, Defendants' actions constitute unfair competition under Colorado common law.

43. Defendants' wrongful actions were committed with willful and wanton disregard for Acaria's rights.

44. As a result of Defendants' wrongful actions, Acaria has suffered commercial harm.

45. Acaria has been and continues to be harmed irreparably by Defendants' actions, and Acaria has no adequate remedy by law.

## COUNT V
### (Misappropriation Under Colorado Common Law)

46. Acaria hereby incorporates Paragraphs 1-45 of this Complaint as though fully set forth herein.

47. Acaria has, through the expenditure of time, effort and money, acquired substantial business value in and to the ACARIA mark. Defendants' unlawful actions have caused and are likely to cause confusion with the established and superior rights of Acaria and otherwise misappropriate the substantial business value developed and acquired by Acaria. As such, Defendants' action constitutes misappropriation under Colorado common law.

48. As a result of Defendants' wrongful actions, Acaria has suffered commercial harm.

49. Defendants' wrongful actions were committed with willful and wonton disregard for Acaria's rights.

50. Acaria has been and continues to be harmed irreparably by Defendants' actions, and Acaria has no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, Acaria prays for judgment in its favor and against Defendants as follows:

A. Grant permanent injunctive relief enjoining each Defendant and any principals, agents, servants, employees, successors, and assigns of Defendants and all those in privity, concert, or participation with Defendants from:

(i) imitating, copying, duplicating, or otherwise making any use of the ACARIA mark or any mark confusingly similar to the ACARIA mark;

(ii) manufacturing, producing, distributing, circulating, selling, or otherwise creating goods or services which bear any copy or colorable imitation of the ACARIA mark;

(iii) using any unauthorized copy or colorable imitation of the ACARIA mark in such fashion as is likely to relate or connect Defendants with Acaria, or vice versa;

(iv) using any false designation of origin or false description which can or is likely to lead the trade or public, or individual members thereof, to believe mistakenly that any goods or services advertised, promoted, offered, or sold by Defendants are sponsored, endorsed, connected with, approved, or authorized by Acaria or vice versa;

    (v) causing likelihood of confusion or injury to Acaria's business reputation and to the distinctiveness of the ACARIA mark by unauthorized use of a confusingly similar mark;

    (vi) engaging in any other activity constituting unfair competition or infringement of the ACARIA Trademark Rights or Acaria's ability to use or to exploit the same;

    (vii) assisting, aiding or abetting another person or business entity in engaging or performing any of the activities enumerated in subparagraph (i) through (vi) above.

  B. That Defendants be ordered to deliver up to Acaria for destruction, or certify destruction of, all documents and other materials that bear any copy of colorable imitation of the ACARIA mark used in connection with Defendants' healthcare services.

  C. Find that Defendants are liable for infringement and have unfairly competed with Acaria by the acts complained of herein in violation of federal law.

  D. Find that the acts of Defendants constitute trademark infringement in violation of the common law of the State of Colorado.

  E. Find that the acts of Defendants constitute unfair competition in violation of the common law of Colorado.

  F. Find that the acts of Defendants constitute unfair misappropriation in violation of the common law of the State of Colorado.

  G. Find Defendants liable for the acts complained of herein and award to Acaria monetary damages in an amount to be fixed by the Court in its discretion as just, including all of Defendants' profits or gain of any kind resulting from its acts of infringement and unfair

competition, said amount to be trebled, and exemplary damages in view of the intentional nature of the acts complained of herein, pursuant to 15 U.S.C. § 1117.

H. Find Defendants liable for the acts complained of herein and order Defendants to pay Acaria a sum sufficient to cover the cost of corrective advertising necessary to alleviate existing confusion resulting from Defendants' conduct.

I. Find Defendants liable for the acts complained about herein and award to Acaria monetary damages for Defendants' infringement and misappropriation of Acaria's substantial rights in and to the ACARIA Trademark Rights.

J. Award Acaria its attorneys' fees and costs, and award such fees under U.S.C. § 1117 due to exceptional nature of this case.

K. Award to Acaria exemplary damages in view of the intentional, willful, wanton and reckless disregard of its rights by Defendants.

L. Award to Acaria its costs and expenses incurred in prosecuting this action, including expert witness fees and attorneys' fees.

M. Award to Acaria all applicable pre-judgment and post-judgment interest.

N. Grant to Acaria such other and further relief as the Court may deem just, proper and equitable under the circumstances.

## JURY DEMAND

Acaria hereby demands a jury trial on issues so triable.

Dated:  May 13, 2019                             Respectfully Submitted,


                                                        By:  */s/ Ian R. Walsworth*
                                                           Ian R. Walsworth
                                                           William W. Mauke
                                                           LEWIS BRISBOIS BISGAARD & SMITH LLP
                                                           1700 Lincoln Street, Suite 4000
                                                           Denver, CO 80203
                                                           (303) 861-7760
                                                           ian.walsworth@lewisbrisbois.com


                                                           *Attorneys for Plaintiff Acaria, Inc*


Plaintiff's Address

Acaria, Inc.
963 S. Kipling Parkway
Lakewood, Colorado 80026